UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA PEREZ,

Petitioner,

-against-

STATE OF NEW JERSEY,

Respondent.

1:26-CV-3933 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Angela Perez, who resides in Harrison, New Jersey, brings this *pro se* action in which she may be seeking a tax refund from the State of New Jersey and/or asserting claims of fraud against that State. She names the State of New Jersey as Respondent.[1] For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of New Jersey.

**DISCUSSION**

The appropriate venue provision for Petitioner's claims is located at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in a United States District Court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] For the purposes of this order, the Court regards Petitioner Angela Perez as Plaintiff and Respondent State of New Jersey as Defendant.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Petitioner sues the State of New Jersey, which resides in the State of New Jersey, and which constitutes one federal judicial district, the District of New Jersey. *See* 28 U.S.C. § 110. Thus, under Section 1391(b)(1), the United States District Court for the District of New Jersey, and not this court, is a proper venue for this action.

In addition, it appears that the alleged events that are the basis for Petitioner's claims occurred in the State of New Jersey, within the District of New Jersey, not within this judicial district.[2] Thus, under Section 1391(b)(2), the United States District Court for the District of New Jersey, and not this court, is a proper venue for this action.

Under 28 U.S.C. § 1406(a), if a litigant files a case in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As discussed above, Petitioner alleges nothing to suggest that this court is a proper venue for this action under either Section 1391(b)(1) or (2), and that venue for this action, under both of those statutory provisions, lies in the United States District Court for the District of New Jersey. In the interest of justice, the Court transfers this action to that court. *See* § 1406(a).

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1406(a). Whether Petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.[3]

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 29, 2026
              New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[3] The Court notes that, by order dated May 26, 2026, the court noted Petitioner's history of filing non-meritorious *pro se* civil actions in this court and directed her to show cause why the court should not bar her from filing further civil actions in this court *in forma pauperis* without first obtaining the court's prior permission. *Perez v. US Treasury Inspector Gen.*, ECF 1:26-CV-4161, 5 (S.D.N.Y. May 26, 2026).